UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ABDIRAHMAN YONIS, | Case No. 24-cv-3735 (LMP/ECW) |
| Plaintiff, | |
| v. | ORDER |
| TRANSIT METRO and METRO TRANSIT, | |
| Defendants. | |

Abdirahman Yonis, *pro se*.

David J. Zoll, Rachel Ann Kitze Collins, and Robert David Hahn, **Lockridge Grindal Nauen PLLP**, Minneapolis, MN, for Defendants Transit Metro and Metro Transit.

Plaintiff Abdirahman Yonis ("Yonis") commenced this action against Defendants Transit Metro and Metro Transit (collectively, "Metro Transit").[1] Metro Transit moves to dismiss Yonis's complaint for insufficient service of process; in the alternative, Metro Transit moves for a more definite statement. *See* ECF No. 9. For the following reasons, the Court grants Metro Transit's motion to dismiss but permits Yonis 30 additional days to serve the summons and complaint.

## FACTUAL BACKGROUND

Yonis filed his complaint on September 24, 2024. *See* ECF No. 1. The complaint itself contains no factual allegations. *See generally id.* However, exhibits attached to the

---

[1] Defendants note that there is no entity called "Transit Metro," and that the proper entity to be sued is "Metro Transit." ECF No. 11 at 1 n.1.

1

complaint suggest that Yonis was employed as a bus driver by Metro Transit, and that Metro Transit terminated Yonis's employment on December 1, 2023, for unsatisfactory work performance. ECF No. 1-1 at 1. Yonis seems to allege that Metro Transit subjected him to racial discrimination and discrimination based on Yonis's status as an English language learner. *Id.* at 8–13. In a separate document filed on October 1, 2024, Yonis appears to also allege that Metro Transit failed to provide him with adequate breaks during his shifts. ECF No. 3 at 2.

The Court issued a summons on September 25, 2024. ECF No. 2. On October 17, 2024, a Certificate of Service was filed with the Court. ECF No. 4. The Certificate states that a Ramsey County Deputy Sheriff served Metro Transit with a "SUMMONS IN A CIVIL ACTION; CERTIFICATE OF UNSERVED PROCESS" on October 10, 2024. *Id.* at 1.

On October 31, 2024, Metro Transit moved to dismiss the complaint for insufficient service of process because, although it had been served with the summons, it had not been served with Yonis's complaint. ECF Nos. 9, 12, 12-2; *see* Fed. R. Civ. P. 12(b)(5). In the alternative, Metro Transit moved for a more definite statement from Yonis. *See* ECF No. 9. Although Yonis received an extension of time to respond to Metro Transit's motion, ECF No. 20, Yonis did not file an opposition brief to Metro Transit's motion, nor has he provided any indication that he has properly served Metro Transit.

## **ANALYSIS**

If service of process is improper, "a federal court lacks jurisdiction over the defendant." *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993).

To survive a motion to dismiss for insufficient service, a plaintiff must "establish prima facie evidence" that there was sufficient service of process. *Ernst v. Hinchliff*, 129 F. Supp. 3d 695, 730 (D. Minn. 2015) (citation omitted) (internal quotation marks omitted). At this stage, the case should not be dismissed for lack of proper service "if the evidence, viewed in the light most favorable to the plaintiff, is sufficient to support a conclusion that service was proper." *Jackson v. Marathon Corp.*, No. 20-cv-79 (ECT/ECW), 2020 WL 1940810, at *2 (D. Minn. Apr. 22, 2020) (citation omitted) (cleaned up). In addition, although a court must liberally construe a *pro se* plaintiff's claims, *pro se* litigants are not excused from failing to comply with substantive or procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

Under both federal and Minnesota law, a copy of the complaint must be served with the summons. *See* Fed. R. Civ. P. 4(c)(1); Minn. R. Civ. P. 3.02. Failure to serve the complaint with the summons warrants dismissal under Fed. R. Civ. P. 12(b)(5). *See Truong v. Collins Aerospace Sys.*, No. 23-cv-1346 (JRT/DLM), 2024 WL 112279, at *3 (D. Minn. Jan. 10, 2024); *Seretse v. Anderson Corp.*, No. 12-cv-323 (SRN/TNL), 2013 WL 2434876, at *5 (D. Minn. June 4, 2013).

In support of its motion, Metro Transit provides the declaration of Margaret Marek, who received service of Yonis's summons on October 11, 2024. *See* ECF No. 12. Attached to Marek's declaration is a copy of the documents that Marek received from the Deputy Sheriff. ECF No. 12-2. Yonis's complaint is not among those documents. Yonis has not responded to Metro Transit's motion, so in the absence of any evidence contradicting Marek's declaration, the Court must conclude that Yonis has failed to provide "prima facie

3

evidence" of sufficient service of process. *Hinchliff*, 129 F. Supp. 3d at 730; *see Truong*, 2024 WL 112279, at *3.

The next question is what to do with this case. "Dismissal is not invariably required where service is ineffective: under such circumstances, the district court has discretion to either dismiss the action, or quash service but retain the case." *Marshall v. Warwick*, 155 F.3d 1027, 1032 (8th Cir. 1998) (citation omitted) (cleaned up). "[C]ases and commentators suggest that the better practice is to quash insufficient service of process unless it is clear that plaintiff cannot effect proper service." *Froland v. Yamaha Motor Co., Inc.*, 296 F. Supp. 2d 1004, 1008 (D. Minn. 2003). Here, it is not clear that Yonis is unable to effect proper service, so the Court will quash the ineffective service and retain the case.

Nonetheless, "courts have the discretion to order conditions, including time constraints, within which the plaintiff may make a second attempt at service." 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1354 (4th ed. June 2024 Update) (collecting cases). The Court will therefore allow Yonis 30 days from the date of this Order to accomplish service of process by serving both the summons and complaint on Metro Transit. If Yonis properly serves the summons and complaint on Metro Transit, Metro Transit may renew its motion for a more definite statement or bring any other applicable Rule 12 motion. If Yonis does not properly serve the summons and complaint within 30 days from this Order, which is calculated to be by February 12, 2025, the Court will dismiss this action without prejudice pursuant to Fed. R. Civ. P. 4(m), as more than 90 days have elapsed from the filing of the complaint. *See Cheerks v. Belmar*,

No. 4:18-CV-2091 CAS, 2019 WL 2568667, at *4 (E.D. Mo. June 21, 2019) (imposing similar conditions).

Finally, the Court notes that a day before Metro Transit filed its motion to dismiss, Yonis filed a motion in which he states "I Abdirahman Yonis to input a motion the contingency of my case in trail [sic] as i requested in my filing under fair trail [sic]." ECF No. 7. It is unclear what relief Yonis seeks, so the Court will deny the motion. *See* Fed. R. Civ. P. 7(b)(1)(C) (requiring that a motion "state the relief sought"). To the extent that Yonis requests that his case continue in federal court, the Court will accommodate that request by allowing Yonis 30 additional days to serve the summons and complaint.

## CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Metro Transit's Motion to Dismiss for Insufficient Service or for a More Definite Statement (ECF No. 9) is **GRANTED** as follows:

    a. Service of process on Metro Transit is quashed; and

    b. If Yonis fails to serve Metro Transit with the summons and complaint and file proof of such service by February 12, 2025, in accordance with this Order, the Court will dismiss Yonis's claims against Metro Transit without prejudice pursuant to Fed. R. Civ. P. 4(m).

2. Yonis's Motion for Miscellaneous Relief (ECF No. 7) is **DENIED**.

Dated: January 13, 2025                    *s/Laura M. Provinzino*
                                            Laura M. Provinzino
                                            United States District Judge